JOHN W. BOWLES, Respondent, v. GEORGE W. LEWIS, Appellant.

St. Louis Court of Appeals, September 18, 1894.

1. Instructions: INSUFFICIENCY OF EVIDENCE. Instructions must be based on evidence.

2. Practice, Appellate: JUDGMENT UNSUPPORTED BY EVIDENCE. The judgment in this cause is reversed as unwarranted under the evidence.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

REVERSED AND REMANDED (BOND, J., *dissenting*).

*Benj. U. Massey* and *W. D. Tatlow* for appellant.

Admitting for the sake of argument that there was fraud on the part of the defendant which entitled the plaintiff to rescind, yet, before the plaintiff was entitled to go behind the settlement and sue on his original contract or account, he must have made his election and returned, or offered to return, the acceptance and the $9.50, received by him under the settlement. The settlement was not void, but only voidable at the instance of the plaintiff, and, unless he so elected and returned, or offered to return, what he received under the settlement, the settlement became good and valid, and was binding on both parties. *Jarrett v. Morton,* 44 Mo. 276; *Estes v. Reynolds,* 75 Mo. 565; *Blair v. Railroad,* 89 Mo. 392, 395; *Railroad v. Hayes,* 83 Ga. 558; *Home Ins. Co. v. McRichards,* 121 Ind. 121; *Home Ins. Co. v. Howard,* 111 Ind. 544; *Pangborn v. Ins. Co.,* 35 N. W. Rep. 814; *Ins. Co. v. Guter,* 24 N. E. Rep. 984; *Hart v. Gould,* 62 Mich. 262; *Shaw v. Railroad,* 47 N. W. Rep. 1004; *Gould v. Bank,* 86 N. Y. 75. Even if the acceptance had been given in settlement of an undisputed account, which would not have been payment, and would not have extinguished the original cause of action, such return or tender was essential. *Steamboat v. Kingsland,* 9 Mo. 44; *Schepflin v. Dessar,* 20 Mo. App. 571; *Flynt v. Railroad,* 38 Mo. App. 92.

*L. O. Nieder* for respondent.

ROMBAUER, P. J.—The plaintiff's evidence is to this effect: He is the owner of a saw mill, and the

defendant a dealer in lumber. On March 18, 1891, the parties entered into a written contract, whereby the plaintiff agreed to sell the defendant his entire mill cut of lumber for twelve months, estimated at four and one half million feet, at $9 per thousand for one-inch lumber, and $8 per thousand for lumber over one inch thick, and the defendant agreed to pay for the same sixty days after shipment, he being also entitled to two per cent. discount for cash paid within ten days of shipment. The plaintiff shipped six car loads of lumber, under the contract, and then notified the defendant that he would ship no more because he had been ill used by the defendant in the shipment of a car load of hay received in part payment of lumber already shipped, and because he could do better with his lumber. The defendant thereupon called upon the plaintiff, and it was agreed between the parties that, if the plaintiff would ship to the defendant six additional car loads, the contract should, as to the residue, be canceled by mutual consent. The plaintiff did ship the six additional car loads and he demanded payment, but the defendant claimed that the plaintiff was liable to him for damages for the nonperformance of the original contract. The plaintiff thereupon sent his attorney to the defendant for the purpose of adjusting the matter, and a settlement was had between the attorney and the defendant on the basis that the plaintiff should draw his draft on defendant for $950, payable August 1, 1891, and that such draft should be indorsed by S. A. Brown & Company and accepted by the defendant. The attorney and the defendant thereupon called together at a bank in Springfield, and, it being ascertained that the bank would cash the draft for a consideration of $9.50, the defendant payed that amount to the attorney in cash. The attorney executed his receipt, stating that *the cash and acceptance were received in set-*

*tlement for the lumber*. The draft thus delivered was not complete, in that it lacked the signature and indorsement of plaintiff, who was the drawer thereof. The attorney took the draft to the plaintiff, who signed it as drawer, but declined to indorse it, in consequence of which the bank declined to discount it. Before agreeing to discount the draft, the officers of the bank inquired of S. A. Brown & Company as to whether that firm owed the defendant any money, as it would seem, with satisfactory results. The draft was never presented to S. A. Brown & Company for indorsement, although in one view of the case this was immaterial, because the bank stood ready to discount it without such indorsement. Upon the refusal of the bank to discount the draft without plaintiff's indorsement, the plaintiff instituted suit by attachment on his original account, payment of which under the terms of the contract was not then due. In that suit such proceedings were had that the plaintiff recovered judgment both on the plea in abatement, and on the main cause of action, for the full amount sued for, which was the reasonable price of the lumber sold and delivered, with interest, less the value of one load of hay credited on the account. The defendant appeals from both judgments, and assigns numerous errors.

There is no substantial difference between the plaintiff's and defendant's evidence on most of the points involved. All the testimony concedes that the lumber delivered was delivered under the original contract, and the contract as modified. The plaintiff's evidence is that he was led to enter into the original contract by the defendant's false and fraudulent representations, to the effect that he had contracted for the entire mill cut of other mills in the neighborhood, and that such representations were a material inducement to the contract, as the plaintiff knew nothing of the

defendant's solvency; which facts are denied by the defendant's evidence.

The ground of attachment tried was that the debt was fraudulently contracted, and under the plaintiff's evidence the case could not well have been withdrawn from the jury. There was, therefore, no error in the court's refusal to so withdraw the case. There was, however, error in the following instruction given at the instance of plaintiff:

"3. If the jury believe from the evidence that the defendant made to plaintiff false representations as to his credit or financial ability to meet his obligations promptly in order to obtain credit, and that plaintiff relied upon such representations and believed them to be true, that is, believed defendant was good, and on the faith thereof sold and shipped the lumber to defendant, and that defendant did not intend to pay therefor, or was in fact insolvent at the time he contracted to purchase the lumber, then such debt in law was fraudulently contracted, and you will find the issues for the plaintiff."

There was no evidence in the case that the defendant had made any representations to the plaintiff touching his credit or financial ability to meet his obligations promptly, nor was there any evidence that the defendant was in fact insolvent at the time he contracted to purchase the lumber. Whatever little evidence there is in the record is to the contrary. That instructions must be based on evidence is an elementary proposition, and need not be supported by the citation of authorities. This, of itself, necessitates the reversal of the judgment on the plea in abatement, since this instruction was unquestionably prejudicial to defendant.

Passing to the consideration of the main case, all the testimony concedes the following facts. There was a dispute between the plaintiff and defendant as to the

actual amount due for the lumber delivered. The defendant claimed that the lumber was delivered under the original contract, the prices of lumber thereunder being somewhat less than the prices charged in the account sued on. The defendant also claimed that, prior to the settlement made, he had not discharged the plaintiff from any damages arising to him from breach of the contract. Under these circumstances the parties met, and endeavored to adjust their respective difficulties. There is not a tittle of evidence in the record that this settlement was brought about by fraud. All the evidence concedes that, as a fruit of such settlement, the plaintiff obtained from the defendant an acceptance for $950 and $9.50 in cash. Conceding that the plaintiff's evidence is to be credited, and that it was part of the settlement that the acceptance was to be indorsed by S. A. Brown & Company, yet it nowhere appears that it was ever presented to S. A. Brown & Company for indorsement, or that they would have refused to indorse it, if presented. It even fails to appear, except by the vaguest inference, that the indorsement of S. A. Brown & Company was to precede that of the plaintiff, who as drawer was *prima facie* the first contemplated indorsee of the draft, which was drawn to his own order. It affirmatively appears that the bank was willing to discount the draft without S. A. Brown & Company's indorsement. It also affirmatively appears that the plaintiff retained the money and draft, and never tendered them back to the defendant prior to the judgment in this case, and, for all that appears, still retains both. The judgment, therefore, is not only excessive on any theory of the evidence, but can not be supported under the evidence on other grounds.

Judgment reversed and cause remanded. Judge BIGGS concurs. Judge BOND dissents.